## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| CHARLIE LEE SPENCER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:24-CV-00185 ACL |
| C.O. JHONNY, et al., | ) ) ) |
| Defendants. | ) ) |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Charlie Lee Spencer, an inmate at Ste. Genevieve County Detention Center, for leave to commence this civil action without payment of the required filing fee. [ECF No. 2]. Having reviewed the motion and the financial information submitted in support, the Court has determined plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $37.78. *See* 28 U.S.C. § 1915(b)(1). Additionally, having conducted the required review of the complaint, the Court finds it is frivolous and/or fails to state a claim upon which relief may be granted. The Court will therefore dismiss this action in accordance with 28 U.S.C. § 1915(e)(2)(B) and deny as moot plaintiff's motion seeking the appointment of counsel.

### Legal Standard on Initial Review

This Court is required to review a complaint filed in forma pauperis, and must dismiss it if, among other reasons, it is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which

relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules in a manner that excuses the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id.*

A review of plaintiff's account from the relevant six-month period indicates an average monthly deposit of $187.40. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $37.78, which is 20 percent of plaintiff's average monthly deposit.

## The Complaint

Plaintiff Charlie Lee Spencer, an inmate at Ste. Genevieve County Detention Center, filed the instant complaint on September 30, 2024, in the United States District Court for the Southern District of Illinois. [ECF No. 1]. At the time he filed this action, he was incarcerated at Pulaski County Detention Center in Ullin, Illinois. On October 3, 2024, the Honorable J. Phil Gilbert reviewed plaintiff's complaint and determined that venue was more appropriate in the United States District Court for the Eastern District of Missouri. [ECF No. 6]. Accordingly, on that date, Judge Gilbert transferred the case, pursuant to 28 U.S.C. §§ 1391(b) and 1404(a) to this Court. *See id.*

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against two Scott County, Missouri, Correctional Officers: Unknown Jhonny and Unknown Eric Doe. [ECF No. 1]. He asserts that during his incarceration at the Scott County Jail in Benton, Missouri, in April of 2024, these two officers entered his pod. Plaintiff alleges that defendant Jhonny told him to step out from his cell, but plaintiff told him, "no." Jhonny then told plaintiff to "lockdown," and plaintiff asked him, "for what?"

Plaintiff claims that defendant Jhonny was walking away from him with the workout bag, but at that point, Jhonny turned towards him and pushed him into his cell and closed the cell door. After a moment, Jhonny opened the cell door and said to plaintiff, "come on and hit me." There is no indication in plaintiff's complaint that a further altercation between he and defendant Jhonny occurred. However, plaintiff complains that he later had an asthma attack, and it took Jhonny approximately thirty (30) minutes to return to his cell.

Plaintiff has failed to fill out the section titled, "Request for Relief."

**Discussion**

After carefully reviewing plaintiff's claims in this action, the Court finds that the complaint fails to properly state a claim for relief against either defendant. Accordingly, this action is subject to dismissal.

Because plaintiff failed to specify the capacity in which he sues the defendants, the Court interprets the complaint as including only official capacity claims defendants Unknown Jhonny and Unknown Eric Doe. *See Egerdahl v. Hibbing Community College,* 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, [courts] interpret the complaint as including only official-capacity claims.").

A suit brought against a government official in his or her official capacity pursuant to § 1983 is not a suit against the official, but rather a suit against the official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, an official-capacity suit generally represents a "way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In other words, the real party in interest in an official-capacity suit is not the named official, but the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). In this case, the Court must assume that plaintiff's claims for relief are brought against Benton County, Missouri.

In *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978), the Supreme Court held that a municipality or local governing body can be directly liable under § 1983. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir.

2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Plaintiff fails to make any assertions against Benton County, Missouri, in his complaint, and no allegations that could be construed as *Monell* claims. There are no claims of a constitutional violation by Benton County resulting from any policy, custom, or deliberately indifferent failure to train or supervise. *See Monell*, 436 U.S. at 690–92 (describing a municipal liability claim). Merely listing a defendant's name in a case caption is insufficient to support a claim against the defendant. *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam) (noting that court properly dismissed pro se complaint that was silent as to defendant except for his name appearing in the caption)). As such, plaintiff's official-capacity claims against defendants fail to state a claim for relief and must be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Furthermore, to the extent plaintiff is attempting to pursue claims Benton County Jail, such claims are also subject to dismissal. Municipal departments like jails, sheriff's offices and police departments are not legal entities that can be sued under 42 U.S.C. § 1983. *See Ketchum v. City of W. Memphis*, 974 F.2d 81, 82 (8th Cir. 1992). Accordingly, plaintiff cannot sustain a claim against these entities.

Even if plaintiff had brought this action against defendants in their individual capacities, the Court would still find this action subject to dismissal. Plaintiff has not made any allegations against defendant Unknown Eric Doe. Liability in a 42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the

5

deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights); and *Love v. Schoffman,* 142 Fed. Appx. 278, 279 (8th Cir. 2003) (affirming pre-service dismissal under 28 U.S.C. § 1915 because the complaint, among other infirmities, "did not specify which of the many named defendants was responsible for each of the alleged harms"). To that end, plaintiff cannot sustain a claim against defendant Unknown Eric Doe.

Furthermore, plaintiff makes two claims against defendant Unknown Jhonny. He first asserts that Jhonny pushed him into his cell and then asked him if he wished to fight. He next asserts that, approximately a half an hour after his altercation with defendant Jhonny, he had an asthma attack, but it took defendant Jhonny almost a half an hour to respond. Plaintiff does not report injuries from either event; he does not report an injury from being pushed into his cell or from having an asthma attack and waiting for defendant Jhonny to respond. Plaintiff's claims, therefore, fail to state actionable claims under the Prison Litigation Reform Act ("PLRA") for compensatory damages.

The PLRA states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e); *see also McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018) ("We interpret the PLRA to require more than a de minimis physical injury.").

6

In this case, plaintiff alleges no significant physical injury arising out of the alleged violations of his constitutional rights. He fails to list any injuries in his complaint, and he has not filled out the "Request for Relief" section of his complaint. In general, allegations of discomfort or inconvenience do not rise to the level of a constitutional violation. *See Morris v. Zefferi*, 601 F.3d 805, 809-10 (8th Cir. 2010); *Williams v. Delo*, 49 F.3d 442, 446 (8th Cir. 1995). Because the PLRA bars recovery for plaintiff's claims against defendant Jhonny in his individual capacity, those claims are subject to dismissal.

For the foregoing reasons, the Court finds the complaint is frivolous and/or fails to state a claim upon which relief may be granted. The Court cannot envision an amendment to the complaint that would cause it to state a valid claim for relief. The Court will therefore dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B) without extended discussion. For the same reasons the Court has decided to dismiss this action, the Court finds there would be no non-frivolous basis to argue that plaintiff's allegations stated a valid claim for relief. The Court will therefore certify that an appeal would not be taken in good faith. Finally, the Court will deny as moot plaintiff's motion to appoint counsel.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this order, Plaintiff must pay an initial filing fee of $37.78. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 22nd day of November, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE